**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIRATH SINGH, | No. 12-71387 |
| Petitioner, | Agency No. A075-544-796 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2015[**]
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Paul L. Friedman, District Judge for the U.S. District
Court for the District of Columbia, sitting by designation.

**1.** The Board of Immigration Appeals ("BIA") denied Tirath Singh's claims for asylum and withholding of removal because it concluded that Singh's mistreatment by the police was not motivated by imputed political opinion but was instead part of a legitimate investigation. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir. 2004). The BIA relied on Singh's testimony that his cousin and friends were involved in Babbar Khalsa, an underground militant organization, and that the police questioned, detained, harassed, and beat Singh because they believed he had information on the militants' activities. Even assuming that the BIA's determination of no past persecution is contrary to the record, substantial evidence supports its alternative basis for denying asylum and withholding. The government submitted sufficient documentary evidence to rebut the presumption that Singh has an objectively reasonable fear of future persecution. That evidence supports the BIA's finding that the treatment of Sikhs in Punjab has improved over the last two decades. The BIA specifically noted that former militants have returned to the region and been able to remain there peacefully. *See Singh v. Holder*, 753 F.3d 826, 835 (9th Cir. 2014). Singh's testimony that the police continue to ask his sisters about his whereabouts does not compel the conclusion that he has a well-founded fear of future persecution.

**2.** Substantial evidence supports the BIA's denial of Singh's claim for relief under the Convention Against Torture ("CAT"). The evidence does not compel the conclusion that it is more likely than not that Singh will be tortured if he returns to India. The BIA was entitled to give little weight to the hearsay declarations bolstering Singh's testimony that the police still inquire about him. *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006). The BIA emphasized that Sikhs now hold political office and are well-represented across various professions. *See Singh*, 753 F.3d at 830–31. Substantial evidence supports the BIA's determination that the change in Sikhs' status outweighs Singh's testimony as to his past mistreatment and the declarations he submitted on the likelihood of future torture.

**PETITION FOR REVIEW DENIED.**